UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SCOTT ALLEN EMERY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No.: 2:22-cv-00059-MTS |
| MARTIN O'MALLEY,[1] | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Commissioner of the Social Security Administration, denying the application of Scott Allen Emery ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2] In June 2020, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 and SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385 (the "Act"). (Tr. 12). Plaintiff alleges disability due to depression, anxiety, ADHD, bipolar disorder, and spina bifida with an alleged onset date of June 15, 2020. (Tr. 287). In September 2021, following a hearing, an Administrative Law Judge ("ALJ") issued his decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 13). This Court affirms.

I. **Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that he is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically

---

[1] Martin O'Malley is now the Commissioner of SSA. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, O'Malley is substituted as the proper defendant.
[2] Section 405(g) of Title 42 and Section 1383(c)(3) of Title 42 provides for judicial review of the SSA Commissioner's "final decision." After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 13), the Appeals Council denied Plaintiff's request for review, (Tr. 1); thus, the ALJ's decision stands as the Commissioner's final decision.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *id.* § 1382c(a)(3)(A).  A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A); *id.* § 1382c(a)(3)(B).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his disability meets or equals a listed impairment. *Id.* §§ 404.1520(a)-(d).  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5.  *Id.* § 416.920(e).  At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545.  The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005).  At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work.  20 C.F.R. § 404.1520(f).  If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled.  *Id.*  If the ALJ finds at Step 4 that a claimant cannot return to past relevant work, the burden shifts at Step 5 to the

2

Administration to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.* § 404.1520(g).

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it. *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision). The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

## II.     The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 15). At Step 2, the ALJ found Plaintiff had severe impairments of depressive, bipolar and related disorders, general anxiety and panic disorder, and spina bifida. (Tr. 15). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 15). Thus, the ALJ found Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with environmental and physical limitations. (Tr. 18).

Plaintiff cannot climb ladders, ropes, and scaffolds, but can occasionally climb ramps and stairs, stoop, crouch, kneel and crawl. (Tr. 18). Plaintiff is able to carry out detailed but uninvolved instructions in the performance of simple, routine, and repetitive tasks, in a low-stress work environment, with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and workplace changes. (Tr.18). He can have superficial contact with the public (where superficial is defined to mean the contact is incidental and not an essential function of the job) and only occasional interaction with other coworkers and supervisors. (Tr. 18). He can interact sufficiently with coworkers and supervisors to complete a thirty-day training period for such an occupation. (Tr. 18). He can work in proximity to but not in coordination with coworkers and supervisors. (Tr. 18).

At Step 4, the ALJ found Plaintiff could not return to his past relevant work as a fast-food worker. (Tr. 24). At Step 5, the ALJ considered Plaintiff's age, education, work experience, and RFC and found there were jobs in the national economy that Plaintiff can perform, despite his non-exertional limitations, such as a cleaner or hand packer. (Tr. 25). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 26).

### III. Discussion

The specific issues Plaintiff raises in this case are (1) whether the ALJ properly analyzed medical opinion evidence; (2) whether the RFC constructed by the ALJ is supported by substantial evidence; and (3) whether the ALJ properly performed a credibility determination of Plaintiff's testimony.

1. ***The ALJ Properly Evaluated the Medical Opinion Evidence***

Plaintiff argues the ALJ did not analyze the medical opinions correctly under 20 C.F.R. § 404.1520, particularly the opinion of Dianna Phares, Plaintiff's treating psychiatric nurse. The ALJ "is no longer required to 'give any specific evidentiary weight, including controlling weight, to any medical opinion(s),' including those from treating physicians." *Diana G. v. Kijakazi*, 4:22-cv-1245-JMB, 2024 WL 50805, at *6 (E.D. Mo. Jan. 4, 2024) (quoting 20 C.F.R. § 404.1520(a)). Rather, ALJ's evaluate the persuasiveness of medical opinions by considering several factors, most notably, "(1) whether they are supported by objective medical evidence," and "(2) whether they are consistent with other medical sources."[3] *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520(c)(a)). In doing so, the ALJ must explain the supportability and consistency factors, at minimum, and such reference must contain more than "mere reference to the words." *Welch v. Kijakazi*, 2:23-cv-11-HEA, 2024 WL 578456, at *6 (E.D. Mo. Feb. 13, 2024) (citing *Bibb v. Kijakazi*, 2:21-cv-70-ACL, 2023 WL 2707439, at *1–8 (E.D. Mo. Mar. 30, 2023)). A general statement that the medical opinion is inconsistent, or not supported, is insufficient. *See Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) (holding that an ALJ who stated a doctor's

---

[3] In addition to specifically identifying the supporting and consistent factors, the ALJ must also consider the medical source's specialization, relationship to the Plaintiff, among other factors, as necessary. 20 C.F.R. § 404.1520(c).

opinion was "internally inconsistent" without identifying the specific inconsistencies was an inadequate articulation of the required factors).

In this case, the ALJ properly considered the medical evidence. Although the ALJ's decision is contrary to the findings of treating psychiatric nurse, Dianna Phares ("Nurse Phares"), and Dr. Thomas Spencer, who also examined the Plaintiff, the ALJ's determination was not improper. *Hazel S. v. Kijakazi*, 4:22-cv-172-JMB, 2023 WL 4263170, at *7 (E.D. Mo. June 29, 2023) ("[C]ourts have held that ALJs can find prior administrative findings (PAMFs) . . . more persuasive than other opinions."). Instead, the ALJ appropriately considered the testimony of state consultative psychologists, Kim Stalker, Psy. D. and J. Edd Bucklew, Ph. D., and reliance on such opinions "is within the zone of choice." *See Morton v. Saul*, 2:19-cv-92 RLW, 2021 WL 307552, at *8 (E.D. Mo. Jan. 29, 2021) (explaining that the ALJ is required to consider the opinions of state agency medical consultants "because they are highly qualified and experts" in Social Security disability evaluation). Stalker and Bucklew determined Plaintiff was, in fact, able to carry out simple instructions. (Tr. 23). The ALJ also relied on the evaluations of Lawrence Nichols, D.O., who determined Plaintiff was negative for depression, had no difficulty doing work, and provided Plaintiff with both back exercises and medication. (Tr. 398-400). Here, the Court properly relied on the state consultative psychologists and other medical evidence, and it is not this Court's duty to reweigh the evidence presented. *See Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022) ("Despite [plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence.").

Additionally, the ALJ properly articulated the supportability and consistency factors. In finding Nurse Phare's evaluation unpersuasive, the ALJ cited specific inconsistencies between Nurse Phares's evaluation and other medical evidence. *See* 20 C.F.R. § 404.1520c(c)(2) (explaining that for "consistency," the "more consistent a medical opinion[ ]" is with "evidence

6

from other medical sources and nonmedical sources," the "more persuasive the medical opinion[]" will be).  Here, in establishing Nurse Phares's evidence unpersuasive, the ALJ noted the inconsistency between Plaintiff's assertions that his symptoms had improved with medication, and Nurse Phares's continued assessment of moderate depression, bipolar and anxiety disorders.  (Tr. 20).  Additionally, Plaintiff's own statements were inconsistent.  The ALJ found inconsistency present when Plaintiff claimed to exhibit isolative behaviors, while, the objective medical evidence failed to show Plaintiff's inability to leave the house, and Plaintiff, himself, expressed excitement at the opportunity to visit his father, who resides out of state.  (Tr. 20).

The ALJ also provided specific reasons for rejecting Dr. Spencer's opinion that Plaintiff exhibited a mental disability prohibiting him from employment.  (Tr. 23).  Specifically, the ALJ stated that Dr. Spencer's opinion was conclusory, lacked a sufficient explanation, and was also inconsistent with other medical evidence.  (Tr. 23); *see* 20 C.F.R. § 404.1520c(c)(1) (detailing that for "supportability," "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)," the "more persuasive the medical opinions" will be); *see also Starman v. Kijakazi*, 2:20-cv-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (explaining that the supportability factor may be articulated by noting that the doctor "did not provide a detailed explanation for opinion"). Therefore, the ALJ properly analyzed the medical evidence and specifically articulated such considerations.

2.  ***The ALJ's RFC Finding is Supported by Substantial Evidence***

Plaintiff argues that the ALJ does not have substantial evidence to support the RFC that Plaintiff can carry out simple instructions in a low stress environment, have superficial contact with the public, and interact sufficiently with coworkers and supervisors.  (Tr. 18).

7

The ALJ properly considered all available evidence and had substantial evidence to support his RFC determination. The RFC details what Plaintiff can do despite his limitations; it is determined by the ALJ and will be accepted as long as it is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(1); *see also Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Lund v. Kijakazi*, 4:20-cv-00449-AGF, 2021 WL 4133759, at *5 (E.D. Mo. Sept. 10, 2021) (quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)).

To reach his decision, the ALJ examined Plaintiff's daily life and found that he was able to complete tasks at home—such as yardwork and laundry—and was found to be cooperative and with logical thought processes. (Tr. 22-23). Further, state psychologists Stalker and Bucklew each found only moderate limitations in Plaintiff's ability to understand, remember and apply information, as well as interact with others, concentrate, and manage himself. (Tr. 23). The same is true for Dr. Lawrence Nichols's evaluation in 2020, which found Plaintiff had "no difficulty" taking care of things at home, doing work, getting along with others, and provided exercises for his back pain. (Tr. 398-400). Although Plaintiff argues that Nurse Phares's should have been given more weight, here, the ALJ examined the relevant evidence, including that of Nurse Phares, in crafting the Plaintiff's RFC and properly discounted such evidence based on inconsistency. *See Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) ("The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions."). It is not appropriate for the Court to alter such a determination. *See Hensley*, 829 F.3d at 934 (finding that a claimant's contention that the ALJ should have weighed the evidence differently does not warrant relief under the deferential standard of review); *see also McNamara*, 590 F.3d at 610 (holding that if substantial evidence supports the Commissioner's decision, the court "may not reverse," even if the court "may have reached a

8

different outcome"). Thus, given the evidence of Plaintiff's daily capabilities, in contrast to the findings of the state psychologists, there is substantial evidence to support the RFC.

   3. *The ALJ Properly Evaluated Plaintiff's Credibility*

Plaintiff argues that the ALJ erroneously concluded that Plaintiff's statements regarding his symptoms were not credible. When analyzing a claimant's testimony, the ALJ must consider "the claimant's prior work history; daily activities; duration, frequency and intensity of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "Another factor to be considered is the absence of objective medical evidence to support the complaints." *Halverson*, 600 F.3d at 932. Ultimately, credibility determinations are at the discretion of the ALJ, and the "Court defers to the ALJ's determinations 'as long as good reasons and substantial evidence support the ALJ's evaluation of credibility.'" *Id.* (quoting *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018)).

Here, the ALJ properly considered the *Polaski* factors in determining that Plaintiff's subjective claims were not entirely consistent with the record. In assessing Plaintiff's credibility, the ALJ considered all of the relevant evidence, including evidence about the Plaintiff's prior work history, as well as Plaintiff's day-to-day functioning reported by both Plaintiff and his friends, Tamara Winningham and Lisa Guach. (Tr. 16-23). However, the ALJ determined the third-party reports were conflicting—Winningham indicated that Plaintiff could not pay attention for more than seconds but does his own laundry, pays bills, and does yardwork, Guach claimed Plaintiff could not be around people, yet he socialized with people. (Tr. 23). These statements are also contradicted by the opinion of Dr. Nichols, finding Plaintiff had no difficulty performing work or interacting with others, as well as the opinions of Stalker and Bucklew who found Plaintiff is "capable" of carrying out simple instructions. (Tr. 23, 398). The ALJ also considered Plaintiff's

9

back pain persistence, symptoms affecting focus, and aggravations to such symptoms but, again, noted that Plaintiff's complaints were not credible in light of the objective medical evidence. (Tr. 20). In fact, although largely found unpersuasive, Nurse Phares's opinion noted that medication was improving Plaintiff's mood. (Tr. 20, 432). Dr. Nichols also noted that Plaintiff had full range of motion in his spine and reported that his back pain was much improved. (Tr. 20, 21, 399).

In sum, good reasons and substantial evidence supports the ALJ's determination that Plaintiff's limitations were not entirely credible, and the Court will not substitute its judgment for that of the ALJ. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." (quoting *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003))).

## CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **AFFIRMED**. A separate Judgment shall accompany this Memorandum and Order.

Dated this 27th day of March 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE